**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1429
_____

JAMES KREUTZBERGER,
                                        Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
SECRETARY DEPARTMENT OF CORRECTIONS,
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 3-15-cv-00119)
District Judge: Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 10, 2016
_____

Before: SMITH, *Chief Judge,* McKEE and RESTREPO, *Circuit Judges*

(Opinion filed: March 27, 2017)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge.*

Plaintiff James Kreutzberger appeals the Rule 12(b)(6) dismissal of the Complaint he filed alleging discrimination under the Americans with Disabilities Act[1] and age discrimination under the Age Discrimination in Employment Act.[2] For the reasons that follow, we will affirm.

## I

All of Kreutzberger's claims were filed against the Pennsylvania Department of Corrections and John E. Wetzel, individually and acting in his capacity as the Secretary of the Department of Corrections. **J.A. 3a.** The District Court dismissed the ADA and ADEA claims against both Defendants, ruling that they were immune from suit under the Eleventh Amendment. **J.A. 13a.** The court declined to exercise supplemental jurisdiction over the remaining state law claim.[3] **J.A. 13a.** The dismissal was with prejudice because the court concluded that any amendment would be futile given the immunity afforded defendants under the Eleventh Amendment. **J.A. 13a.**

Both parties identify the standard of review as abuse of discretion due to the District Court's refusal to grant leave to amend. **Appellant Br. 9, Appellee Br. 8.** That is clearly the standard for reviewing a court's denial of a motion to amend. However, Kreutzberger did not seek leave to amend. **J.A. 15a-21a.** Rather, the order granting the motion to dismiss under Fed. R. Civ. P. 12(b)(6) stated that an amendment would be

---

[1] 42 U.S.C. § 12112, *et seq.*

[2] 29 U.S.C. § 621, *et seq.*

[3] The District Court had jurisdiction under 28 U.S.C. § 1331 and § 1367. We have jurisdiction under 28 U.S.C. § 1291.

futile and dismissed with prejudice. **J.A. 13a.** That is a conclusion of law, and our review therefore is plenary.[4]

## II

### A. ADA and ADEA Claims against the Pennsylvania Department of Corrections

The Eleventh Amendment prohibits private parties from bringing suits against states and state agencies absent their consent or Congressional abrogation.[5] The Commonwealth of Pennsylvania has not consented to waiver of Eleventh Amendment immunity, and Kruetzberger does not argue to the contrary.[6] In addition, Congress has not validly abrogated a state's immunity from suits for damages under the ADA or the ADEA.[7] The Pennsylvania Department of Corrections is thus immune from suit in federal court pursuant to the Eleventh Amendment.

We therefore affirm the dismissal of the ADA and ADEA claims against the Pennsylvania Department of Corrections.

### B. ADA and ADEA Claims against Secretary Wetzel

Kreutzberger includes claims for injunctive relief against Secretary Wetzel in his official capacity. **J.A. 25a, 29a.** On appeal, Kreutzberger attempts to rely on *Ex parte*

---

[4] *Heffernan v. Hunter*, 189 F.3d 405, 408 (3d Cir. 1999).

[5] *Judicial Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990).

[6] *Lavia v. Pa., Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (citing 42 Pa. Stat. and Cons. Stat. Ann. § 8521(b) (West 2016)).

[7] *See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363-64 (2001) (holding invalid Congress's attempt under the ADA to abrogate states' sovereign immunity); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) (holding invalid Congress's attempt under the ADEA to abrogate states' sovereign immunity).

*Young*[8] and its progeny to argue that his claim for injunctive relief against Wetzel in his official capacity is not barred by the doctrine of sovereign immunity. **Appellant Br. 10, 13.** However, he never made that argument in his Response to Defendants' Motion to Dismiss Complaint in the District Court. **J.A. 46a-54a.** His sole ground for opposing the motion to dismiss for failure to state a claim was his argument that dismissal under Rule 12(b)(6) was premature and that the court should allow him to take discovery. **J.A. 53a.** In opposing dismissal pursuant to the doctrine of sovereign immunity, Kreutzberger argued:

> [T]he Plaintiff will argue that the Defendant is attempting to dismiss the case before any discovery has taken place and has done so without even an Affidavit or any other document attached to the Motion to Dismiss. Furthermore, as per the attached Exhibit, the EEOC in its Right to Sue letter, informs Plaintiff to proceed to appropriate Court.
>
> Wherein it may appear on the face on [sic] the pleadings that any recoveries may be remote or unlikely, that is not the test at this stage of the proceeding. The test is whether the Claimant/Plaintiff is entitled to offer evidence to support the claims.

J.A. 52a (citations omitted). Kreutzberger did not mention or cite to *Ex parte Young*, or suggest that his claim for prospective injunctive relief precludes application of sovereign immunity. We have consistently held that we will not entertain arguments raised for the first time on appeal.[9] Since his claims are clearly otherwise barred by Eleventh Amendment sovereign immunity, the District Court did not err in granting the

---

[8] 209 U.S. 123 (1908).

[9] *E.g.*, *Tri-M Grp., LLC v. Sharp*, 638 F.3d 406, 416 (3d Cir. 2011) ("It is axiomatic that arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this Court absent exceptional circumstances." (internal quotations omitted)).

Motion to Dismiss under Rule 12(b)(6).

III

For the reasons stated above, we will affirm the order of the District Court.